IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RUSSELL WRIGHT**,<br><br>        Plaintiff,<br><br>    v.<br><br>**VIOLET ENERGY, INC.,** and **DESARI STRADER**,<br><br>        Defendants. | Case No. 3:22-cv-151-SB<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on April 22, 2024. Judge Beckerman recommended that this Court deny Plaintiff's motion for default judgment, without leave to amend his complaint or file an amended motion. Judge Beckerman concluded that Plaintiff failed to state a claim under the Fair Labor Standards Act (FLSA) in his First Amended Complaint, and recommended that the Court decline supplemental jurisdiction over Plaintiff's state law claims.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff timely filed an objection. Plaintiff objects that Judge Beckerman erroneously concluded that Plaintiff failed to describe his alleged missed minimum wage work schedule with the specificity required in the Ninth Circuit. Plaintiff argues his allegations are sufficient because he alleged that he was paid nothing for many months, which obviously means he was not paid the minimum wage. This objection is rejected because, as Judge Beckerman explained, Plaintiff must allege with specificity the details of at least one week in which he worked hours for which he was paid nothing, thereby alleging that his employer failed to pay him a minimum wage. Plaintiff does not allege that he worked any hours during any specific week. He simply alleges that he was offered employment, he accepted,[1] the salary he was offered, the date his employment allegedly started, and that he was never paid. He does not allege that he actually worked any hours for which he was not paid.[2]

Plaintiff also objects that Judge Beckerman erroneously either concluded that (1) Plaintiff transitioned to being an independent contractor in April 2019 or (2) the First Amended Complaint was unclear about Plaintiff's status. Plaintiff argues that the First Amended Complaint "makes it clear" that he alleges that he was an independent contractor from August 28, 2018 until October 1, 2018, when his employment started, and his employment did

---

[1] The Court notes that Plaintiff does not provide a signed copy of his employment letter. Instead, Plaintiff provides an email from Defendants' original counsel, disputing that Plaintiff accepted the employment letter and stating that Plaintiff countered the offer of employment on August 29, 2018. ECF 33-4 at 2. Thus, Plaintiff has not shown that the issue of whether he entered into a binding employment contract is undisputed. That issue, however, is relevant to Plaintiff's state law claims, not whether he was paid a minimum wage under the FLSA.

[2] Defendants' counsel also disputed whether Plaintiff performed any meaningful work for Defendants. ECF 33-4 at 2.

PAGE 2 – ORDER

not end until April 30, 2021. The Court agrees with the Findings and Recommendations' discussion on this issue and disagrees with Plaintiff that the First Amended Complaint "clearly" alleges the facts as argued by Plaintiff in his objection.

Plaintiff alleges that he was offered a position of employment on August 28, 2021, which he accepted, and his employment began on October 1, 2018. Nothing in those allegations indicates that he was an independent contractor before beginning his alleged employment. The allegations relating to his potential status as an independent contractor are that on or about April 1, 2019, he was offered a contract to transition to an independent contractor, which he alleges he did not sign.[3] Plaintiff then alleges: "However, Defendants paid Plaintiff $20,000 as 1099 income." First Am. Compl. ¶ 14. As Judge Beckerman explained, 1099 income correlates to independent contractor status. In his minimum wage claim, Plaintiff specifically alleges that he "switch[ed] to an independent contractor in April 2019." *Id.* ¶ 30. He then alleges "[i]n the alternative" that he remained an employee through April 2021. *Id.* ¶ 31. He made this same allegation in his breach of contract claim—alleging he was an employee through the end of March 2019, or, alternatively, through April 2021. *Id.* ¶ 41.

The Court also notes that Plaintiff invoiced Defendants quarterly on November 30, 2018, January 31, 2019, and March 31, 2019, all for 18 hours of consulting work per quarter plus a "retainer settlement" flat fee. *See* ECF 32-2. The total amounts billed for work from September 2018 through March 2019 was $80,000. At some time between January and March 2019, he received $20,000, which he applied to his work from September and

---

[3] Plaintiff did not provide a copy of the alleged independent services contract purportedly offered in March 2019.

October 2018,[4] and thus in his final invoice the amount outstanding was $60,000. Plaintiff's explanations and allegations regarding these invoices are inconsistent. Plaintiff alleges that he was paid $20,000 for "independent contractor" services and is still owed an additional $40,000. Plaintiff, however, also separately alleges that he is owed $60,000 for "consulting" services pursuant to a consulting agreement he entered into before his employment.[5] Per the invoices, however, the $60,000 is due for work performed *after* October 1, 2018. Further, the $20,000 payment was acknowledged on the "consulting" invoices as payment for *those* services, which Plaintiff now alleges are separate from his "independent contractor" services for which he alleges he received the $20,000 payment. These inconsistencies raise suspicion about Plaintiff's claim. Further, as Judge Beckerman explained, the invoices themselves cast doubt on Plaintiff's claim that he was an employee at the same time he was billing Defendants for work as a consultant or independent contractor.

The Court rejects Plaintiff's objection about the Findings and Recommendation's discussion relating to any confusion about Plaintiff's status as an independent contractor. Plaintiff's allegations and evidence do not "clearly" establish that he was an employee from October 1, 2018 through April 30, 2021.

Finally, Plaintiff objects that Judge Beckerman erroneously concluded that because of Plaintiff's alleged position and salary, his work is not subject to the minimum wage requirements in the FLSA. Plaintiff argues that even highly compensated employees must be paid *something* and cannot be paid *nothing* or the minimum wage requirements under the FLSA would be

---

[4] The March 2019 invoice states Plaintiff received $20,000 for September and October "2019" but that is a scrivener's error for 2018.

[5] Plaintiff did not provide a copy of the purported consulting agreement.

"illusory." Judge Beckerman, however, concluded that Plaintiff failed to state claim under the FLSA, "[e]ven setting aside the offer letter's reference to the 'exempt' Vice President of Strategic Development position with a $238,000 annual salary." ECF 35 at 33.

The Court declines to adopt the portion of the Findings and Recommendation relating to the merits of Plaintiff's FLSA claim based on Plaintiff's potential exempt status. Further information is needed to decide whether Plaintiff qualifies as exempt under 29 C.F.R. § 541.100 (executive employee); 29 C.F.R. § 541.200 (administrative employee); 29 C.F.R. § 541.300 (professional employee); 29 C.F.R. § 541.500 (outside sales employee); or 29 C.F.R. § 541.601 (highly compensated employee), although Plaintiff's alleged lack of receipt of *any* wages appears to disqualify him from most of those exemptions.[6] This, however, does not affect Judge Beckerman's remaining discussion or ultimate recommendation to dismiss Plaintiff's FLSA claim and decline to exercise supplemental jurisdiction, which the Court adopts.

The Court also declines to adopt the recommendation not to allow Plaintiff the opportunity further to amend his complaint and file another motion for default judgment. Although Plaintiff already has amended his complaint, he did so without guidance from the Court regarding its deficiencies. The Court agrees with Judge Beckerman that Plaintiff does not appear to be asserting an FLSA minimum wage claim but instead attempts improperly to cloak a state law breach of contract claim under the auspices of the FLSA. Nonetheless, with the benefit of clarification from the Court, Plaintiff may choose to pursue an appropriate minimum wage claim under the FLSA, if he can plead such a claim consistent with Rule 11 of the Federal Rules of Civil Procedure. Thus if Plaintiff believes he can file a Second Amended Complaint that states

---

[6] Other than "outside sales employees," the regulations for the other positions include a minimum payment requirement for employees to qualify for exempt status.

PAGE 5 – ORDER

a claim, file an Amended Motion for Default Judgment that provides sufficient evidence supporting his claimed damages and demonstrates that the merits of his claims are not disputed, and otherwise overcome the deficiencies identified in the Findings and Recommendation and this Order, he may do so by May 31, 2024. No further amendments shall be permitted. If he does not file theses amended documents by May 31, 2024, the Court shall enter a judgment consistent with this Order, dismissing this case without prejudice.

The Court ADOPTS IN PART the Findings and Recommendation, ECF 35, as supplemented herein. The Court dismisses Plaintiff's claim under the FLSA and declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Thus, the Court DISMISSES Plaintiff's First Amended Complaint, ECF 22, and DENIES Plaintiff's Motion for Default Judgment, ECF 31. If Plaintiff believes he can cure the deficiencies identified in the Findings and Recommendation and this Order, consistent with Rule 11, Plaintiff may file a Second Amended Complaint and Amended Motion for Default Judgment by May 31, 2024.

**IT IS SO ORDERED.**

DATED this 15th day of May, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge